IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HENRY J. HUFFMAN** | : | **CIVIL ACTION NO.**_____ |
| **VS.** | : | **SECTION** |
| **TURNER INDUSTRIES GROUP, L.L.C.** | : | **JUDGE** |
| | : | **MAGISTRATE JUDGE**_____ |

## COMPLAINT

**COMES NOW** Plaintiff, Henry J. Huffman, bringing this action against the Defendant, Turner Industries Group, L.L.C. Plaintiff is seeking declaratory and injunctive relief and damages. As more specifically set forth below, Plaintiff has been subjected to employment discrimination in the terms and conditions of his employment on the basis of his disability. The actions of the Defendant described herein constitute violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*, more specifically 42 U.S.C. §§ 12102 and 12112 and La. R.S. 23:323(A) and La. R.S. 23:323(B)(1).

1.

Plaintiff, Henry J. Huffman, is an adult male resident of the Parish of Calcasieu, Louisiana.

2.

Defendant, Turner Industries Group, L.L.C., is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana and an office located in Sulphur, Louisiana. Turner Industries Group, L.L.C. was the Plaintiff's previous employer.

3.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This action arose in this judicial district.

4.

The Plaintiff is a fifty-six (56) year old Caucasian male who suffered the loss of his left hand in 1986, and as a result, underwent approximately twenty-one (21) surgeries.  The Plaintiff has suffered from limited use of his hand due to the loss, which causes pain on a daily basis.

5.

Mr. Huffman's current condition does not affect his ability to perform the essential functions of his job but does require that he take certain medications prescribed by his physician.

6.

On or about September 16, 2011, Mr. Huffman was offered employment as a welder by Kyle Woods for a "turnaround" position with Turner Industries Group, L.L.C. in Sulphur, Louisiana.

7.

As part of the pre-employment process, Mr. Huffman was required to participate, as he has on numerous past occasions, in a drug screening.

8.

Due to the results of this test, Mr. Huffman was required to obtain a medical release from his physician with regards to his medical condition.

9.

According to the medical release submitted by Mr. Huffman's physician, his physician recommended to the company that Mr. Huffman be allowed to take his prescribed medication during working hours if needed.

10.

The Plaintiff alleges that the Defendant denied his employment application because the Defendant regarded the Plaintiff as disabled and/or because the Plaintiff had a record of a disability.

11.

As a result of this qualification in his physician's release, Mr. Huffman's employment application with Turner Industries Group, L.L.C. was denied.

12.

On or about September 20, 2011, Mr. Huffman was offered employment as a welder by the main office of Turner Industries Group, L.L.C. located at Baton Rouge, Louisiana.

13.

This offer was for a jobsite in Kansas and was set to begin in October 2011 and continue until January 2012.

14.

During the application process, Mr. Huffman was informed that he would have to resolve the situation with the Sulphur, Louisiana office before they could hire him at the Baton Rouge, Louisiana office.

15.

The situation in Sulphur, Louisiana was never resolved despite efforts by Mr. Huffman.

16.

Mr. Huffman's medical condition does not affect his ability to perform the essential function of his job.  This is evidenced by his six (6) year employment history with Turner Industries, L.L.C. during which time he was suffering from the same medical condition which is described in the medical release by his physician.

17.

The Plaintiff exhausted all applicable administrative remedies prior to the timely filing of this civil action.

18.

As a direct and proximate result of Defendant's unlawful, discriminatory conduct toward Plaintiff, the Plaintiff has lost wages and benefits and has sustained other pecuniary losses.

19.

The series of adverse actions has caused significant mental and emotional anguish and distress to the Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial Plaintiff prays that the following relief be granted:

a. Enter a judgment granting declaratory and injunctive relief finding that the Defendant, because of the actions described hereinabove, violated Plaintiff's rights under the above referenced provisions of the ADA and La. R.S. 23:323 (B) (1) and ordering appropriate equitable and injunctive relief;

b. Ordering Defendant to pay unto the Plaintiff lost wages, lost fringe benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

c. For reasonable attorney's fees, litigation expenses and costs;

d. For such further relief as is deemed just and proper.

                                                 **RESPECTFULLY SUBMITTED:**

                                                 s/ J. Arthur Smith, III_____
                                                 J. ARTHUR SMITH, III
                                                 La. Bar Roll No. 07730
                                                 830 North Street
                                                 Baton Rouge, Louisiana 70802
                                                 Telephone: (225) 383-7716
                                                 Facsimile: (225) 383-7773
                                                 E-Mail: jasmith@jarthursmith.com
                                                 *Attorney for Henry J. Huffman*