UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HENRY J. HUFFMAN**                                   **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 12-1061**

**TURNER INDUSTRIES GROUP, L.L.C.**                    **SECTION: "G"(2)**

## ORDER AND REASONS

Before the Court is Plaintiff Henry J. Huffman's ("Plaintiff") Motion in Limine to Exclude Medical and Pharmacy Records,[1] wherein Plaintiff seeks to exclude such evidence on the basis of Federal Rules of Evidence 401, 402, ad 403. After considering the motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will grant the pending motion and exclude medical and pharmacy records not relied upon by the decision maker at the time of Plaintiff's termination.

The pending motion seeks the exclusion of evidence pursuant to Federal Rules of Evidence 401, 402, and 403. Rule 401 states:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Rule 402 states that irrelevant evidence is inadmissible. Federal Rule of Evidence 403 states that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[1] Rec. Doc. 36.

A district court's ruling on evidentiary issues is reviewed by a court of appeals for an abuse of discretion.[2] When "the district court has conducted, on the record, a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are [wary] about finding an abuse of discretion."[3] A district court is accorded wide discretion in determining the relevance and admissibility of evidence under Rules 401 and 402.[4] In addition, "[a] trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion."[5]

Here, the Court finds that Plaintiff's medical and pharmacy records are not relevant to the issues in dispute. The parties do not dispute that Plaintiff takes certain medications. At issue in this matter is Turner's policy relative to Plaintiff's use of medications. Turner argues that this evidence is relevant because Plaintiff's use of medication is at the "center of Plaintiff's case" and the records contain "material information regarding the kinds and quantity of narcotic pain medication that [Plaintiff] was obtaining through prescription from multiple doctors simultaneously."[6] However, at no time has Turner made the allegation that Plaintiff was not rehired because he abused medication. Rather, Turner has maintained throughout these proceedings that Plaintiff was not rehired because his need to use prescription drugs within eight hours of his shift violated its drug policy. In a disparate treatment claim, "the ultimate issue is the employers's reasoning at the moment the questioned employment decision is made," and therefore "a justification that could not have motivated the employer's decision is not

---

[2] *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

[3] *Id.*

[4] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

[5] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5 th Cir. Unit A Sept. 1981) (internal citations omitted).

[6] Rec. Doc. 49 at pp. 5-6.

evidence that tends to illuminate this ultimate issue and is therefore irrelevant."[7] As such, the Court finds that Plaintiff's medical and pharmacy records are not relevant, and therefore are inadmissible under Rule 402.

Further, the Court finds that even if this evidence were admissible, it should be excluded under Rule 403 because its probative value would be outweighed by its prejudicial effect. Evidence of drug abuse, which again is not the reason Turner has articulated for not rehiring Plaintiff, might improperly and unnecessarily tarnish Plaintiff's character for the jury.[8] While Plaintiff's credibility might be relevant to this matter, it is not in dispute that Plaintiff failed to disclose his prescription drug use in earlier medical exams. Therefore, additional evidence to demonstrate "untrustworthiness" is unnecessary and would run the risk of overly prejudicing Plaintiff without adding significant probative value. Finally, the parties have not provided, nor can the Court devise, a limiting jury instruction that would allow for the entry of this evidence and prevent against the potential prejudice to Plaintiff. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Exclude Medical and Pharmacy Records[9] is **GRANTED** and the Court will exclude all medical and pharmacy records of Plaintiff not relied upon by the decision maker at the time of Plaintiff's termination.

New Orleans, Louisiana, this  22nd  day of  May , 2013.

NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[7] *See Patrick v. Ridge*, 394 F.3d 311, 319 (5th Cir. 2004).

[8] *See* Rec. Doc. 36-1 at p. 8 (citing sources regarding the stigma of drug abuse in society).

[9] Rec. Doc. 36.