UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY J. HUFFMAN** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 12-1061** |
| **TURNER INDUSTRIES GROUP, L.L.C.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Before the Court is Plaintiff Henry J. Huffman's ("Plaintiff") Motion to Strike and/or Motion *In Limine* to Exclude the Defendant's Expert Witness Ronald D. Schaible,[1] wherein he requests that the Court exclude the expert report and testimony of Ronald D. Schaible, claiming that the report is irrelevant, prejudicial, and does not comply with the Federal Rules of Evidence. Having considered the pending motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will grant in part and deny in part the pending motion.

### I. Background

*A. Procedural Background*

Plaintiff filed a complaint in the Eastern District of Louisiana on April 26, 2012 and invoked this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*[2] On December 19, 2012, Plaintiff filed the instant Motion to Strike and/or Motion *In Limine* to Exclude the Defendant's Expert Witness Ronald D. Schaible,[3] to which Defendant Turner Industries Group, L.L.C. ("Turner")

---

[1] Rec. Doc. 38.

[2] Rec. Doc. 1.  An amended complaint was subsequently filed by Plaintiff demanding a jury trial.  Rec. Doc. 17.

[3] Rec. Doc. 38.

1

responded on January 4, 2013.[4]  Plaintiff filed a reply to the instant motion on January 16, 2013, with leave of court.[5]

## B. *Factual Background*

In 1986, Plaintiff lost part of his left hand in a welding accident.  The injury has caused Plaintiff chronic pain and related anxiety, which has been treated with hydrocodone, a narcotic pain medication, and Xanax, a benzodiazepine.[6]  In 2007, Turner adopted its Drug, Alcohol, and Contraband Policy (the "policy") in its present form, which prohibits employees from taking certain drugs, including narcotics, benzodiazepines, and muscle relaxers, 8 hours before or during work shifts.[7]

On September 16, 2011, Plaintiff was offered conditional employment by Turner, provided he pass a re-employment physical examination and drug screen– a routine part of Turner's hiring process.[8]  During the screening process, Plaintiff disclosed to Dan Crook, a physician's assistant contracted by Turner, that he took Xanax and hydrocodone.[9]  Mr. Crook instructed Plaintiff that his use of this medication violated Turner's policy and he would need to obtain a medical release from a physician stating that he could comply with the policy.  Paul Maddox, Turner's Senior Medic, provided Plaintiff three documents to give to his doctor, including the medical release form explaining the policy, a cover letter explaining the release and asking the doctor to conduct an individualized assessment of Plaintiff's ability to perform the essential functions of the job in

---

[4] Rec. Doc. 47.

[5] Rec. Doc. 76.

[6] Rec. Doc. 38-1 at pp. 1-2.

[7] Rec. Doc. 47 at p. 3.

[8] Rec. Doc. 38-1 at p. 2.

[9] *Id.*

compliance with the policy, and a copy of Turner's job description for welders.[10]

On September 19, 2011, Plaintiff returned the medical release form that his physician, Ken Thomas, M.D., had completed, which stated that Plaintiff "requires pain pills 3-4 times daily."[11] Dr. Thomas testified that he did not review the "Welder" job description prior to completing the medical release.[12] After reviewing the medical release form, Mr. Maddox did not allow Plaintiff to begin working for Turner because he required medication within eight hours of reporting to work and during work, in violation of Turner's policy.[13]

According to Plaintiff, Turner plans to introduce the testimony and expert report of Ronald D. Schaible, "an Occupational Safety and Health expert as well as an expert in Ergonomics/Human Factors," which opines that Turner's denial of employment to Huffman was reasonable and consistent with Turner's obligations to provide a safe workplace under the Occupational Safety and Health Act ("OSHA").[14]

## II. Parties' Arguments

### A. *Plaintiff's Motion* In Limine

In support of the pending motion, Plaintiff argues that Mr. Schaible's report should be excluded, because it failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), which, in pertinent part, states that an expert report must contain a "complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data

---

[10] Rec. Doc. 47 at pp. 10-11.

[11] *Id.* at pp. 3-4.

[12] Rec. Doc. 47. at p. 10.

[13] Rec. Doc. 38-1 at p. 2.

[14] Rec. Doc. 47-1 at p. 4.

considered by the witness in forming them."[15]  However, Plaintiff argues that Mr. Schaible's report does not satisfy the requirements of Rule 26(a)(2), because the report provided to Plaintiff prior to the December 3, 2012 deadline for expert reports contained the following statement on the first page: "This is a preliminary draft.  It has been prepared based on preliminary information and on assumptions.  No one may rely on this draft."[16]

Next, Plaintiff contends that the expert report and testimony must be excluded because it seeks to introduce an inapplicable legal standard, and therefore, under Federal Rule of Evidence ("FRE") 702 is impermissible because expert testimony must be "relevant in assisting the trier of fact."[17]  According to Plaintiff, the expert report's conclusion that Turner's policy was "reasonable and consistent with OSHA's General Duty Clause" does not "tend to establish any disputed fact of consequence in this action," because Turner's compliance with the ADA does not depend on whether its policy was consistent with OSHA.[18]  Instead, Plaintiff argues that compliance with the ADA requires Turner to conduct an individualized inquiry into "the ability of an employee or applicant to perform a particular job, [] which focuses on the medical condition's actual effect on the specific plaintiff."[19]  Therefore, Plaintiff claims that the expert report introduces an inapplicable legal standard–that Turner's policy is "reasonable and consistent with OSHA" and Turner's obligation to maintain a safe workplace–that is irrelevant to Turner's burden of proof.

Additionally, Plaintiff argues that the expert report should be excluded because it is prejudicial, and FRE 403 permits the Court to exclude the report and testimony of the expert when

---

[15] Rec. Doc. 38-1 at pp. 4-5 (citing Fed. R. Civ. P. 26(a)(2)(B(i)-(ii)).

[16] *Id.* at p. 5.

[17] *Id.* at p. 6.

[18] *Id.*

[19] *Id.* at p. 8.

4

the probative value of the evidence is substantially outweighed by its unduly prejudicial nature.[20] Plaintiff claims that Mr. Schaible's plans to testify regarding an inapplicable legal standard that will confuse and mislead the jury, and such prejudice cannot be addressed by a limiting instruction.[21]

Finally, Plaintiff claims that the expert report "editorializes the reports of Dr. Ken Thomas and uses comments from his July 3, 2012 report out of context and in a prejudicial manner," and should therefore be excluded.[22] Plaintiff explains that the "factual basis for an expert's opinion not otherwise admissible cannot be offered unless [] the 'assumptions' are of the type reasonably relied upon by experts." Here, Plaintiff argues that Mr. Schaible relies on a doctor's report that is not of the type reasonably relied upon in his field, because it was conducted 10 months after the incident.[23] Further, Plaintiff asserts that the potential prejudice to Plaintiff far outweighs the probative value, because Dr. Thomas's July 3, 2012 report relates to an offer of employment for a non-welding position at a company unrelated to Turner.

## B. Turner's Opposition

In opposition to the exclusion of Mr. Schaible's expert report and testimony, Turner explains that Plaintiff was provided Mr. Schaible's final expert report in compliance with Rule 26(a)(2), however, "Mr. Schaible inadvertently included in his *final* report a reference that it [w]as a 'preliminary draft.'"[24] Turner argues that such an inadvertent and harmless error does not provide a reasonable basis to exclude the report.[25]

---

[20] *Id.* at p. 8 (citing *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1004 (5th Cir. 1998).

[21] *Id.* at p. 8-9.

[22] *Id.* at p. 10.

[23] *Id.*

[24] Rec. Doc. 47 at p. 5.

[25] *Id.*

5

Next, Turner contends that Plaintiff's motion to exclude Mr. Schaible because the report does not satisfy the requirements of the "direct threat" defense, ignores the fact that Turner is asserting the business necessity defense. Turner avers that, rather than attempting to create an inapplicable legal standard, Mr. Schaible is opining that Turner's policy is reasonable and consistent with its obligations to protect the safety of its employees in the workplace, and therefore relevant to its business necessity defense.[26]

Further, Turner argues that the reference to Dr. Thomas's July 3, 2012 report, which is "quoted verbatim" and "not embellish[ed] or otherwise editorialize[d]," demonstrates that Plaintiff's own physician determined Turner's policy was justified and necessary on safety grounds.[27] Specifically, Turner argues that the reference to Dr. Thomas's reports reveals that if Dr. Thomas had been aware of the job duties of a welder on September 19, 2011, he would not have cleared Plaintiff for work, as he did in connection with Plaintiff's request for medical clearance for another job on July 3, 2012.[28] Therefore, Turner concludes that Mr. Schaible's reference to Dr. Thomas's July 3, 2012 report is neither irrelevant nor prejudicial; however, in the alternative, Turner requests that the brief reference to the report be stricken, rather than excluding Mr. Schaible as a witness.[29]

Finally, Turner disputes Plaintiff claim that Mr. Schaible's report is prejudicial and would confuse the jury. According to Turner, Mr. Schaible's report addresses the issue of whether, in his expert opinion, Turner's policy was justified by legitimate safety concerns, which is an appropriate opinion in the context of the business necessity defense.[30]

---

[26] *Id.* at pp. 5-6.

[27] *Id.* at p. 10, 12.

[28] *Id.* at p. 11.

[29] *Id.* at p. 12.

[30] *Id.* at p. 13.

*C. Plaintiff's Reply*

In reply, Plaintiff reiterates many of the arguments made in the memorandum in support of the pending motion.[31] Plaintiff also incorporates by reference and restates arguments made in opposition to Turner's Motion for Summary Judgment relating to Turner's obligation to prove that Plaintiff posed a "direct threat," which this Court considered and rejected in its Order and Reasons denying summary judgment.[32] As these arguments have already been addressed, they warrant no further consideration here.

### III.  Law and Analysis

*A. Disclosure of Expert Reports*

As a first ground to exclude the testimony of Mr. Schaible, Plaintiff invokes Federal Rule of Civil Procedure 26(a)(2), which requires disclosure of an expert's written report.[33] Under Rule 26(a)(2), "[t]he report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them." Turner explains that it did in fact provide Mr. Schaible's final report, but that it was inadvertently labeled as a "preliminary draft."[34] As Mr. Schiable's report was delivered in compliance with Rule 26 and this Court's scheduling order, the Court will not exclude Mr. Schaible's testimony on this ground, because the report, regardless of whether it contained a statement that it was a "preliminary draft," contained a complete statement of Mr. Schaible's opinions and the facts and data upon which he relied.

---

[31] *See* Rec. Doc. 76 at pp. 1-3, 5-10.

[32] *See* Order & Reasons, Rec. Doc. 122; Plaintiff's Reply, Rec. Doc. 76 at pp. 4-9.

[33] Rec. Doc. 38-1 at pp. 4-5.

[34] Rec. Doc. 47 at p. 5.

7

## B. Relevance and Undue Prejudice

### 1. Applicable Law

Federal Rule of Evidence 702, which governs the admissibility of expert testimony, provides that an expert witness may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrrell Dow Pharmaceuticals, Inc.*,[35] the United States Supreme Court instructed that "a judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable rules."[36]

Here, the pending motion seeks the exclusion of Mr. Schaible's testimony and expert report on the basis that it is both irrelevant and prejudicial pursuant to Federal Rules of Evidence 401, 402, and 403. Rule 401 states:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Rule 402 states that irrelevant evidence is inadmissible. Federal Rule of Evidence 403 states that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Additionally, the pending motions seeks the exclusion of Mr. Schaible's report and testimony under

---

[35] 509 U.S. 579.

[36] *Id.* at 595.

Rule 703 based upon evidence that Mr. Schaible relies upon in his report. Rule 703 states:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

A district court's ruling on evidentiary issues is reviewed by a court of appeals for an abuse of discretion.[37] When "the district court has conducted, on the record, a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are [wary] about finding an abuse of discretion."[38] A district court is accorded wide discretion in determining the relevance and admissibility of evidence under Rules 401 and 402.[39] In addition, "[a] trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion."[40]

*2. Analysis*

As an initial matter, that Court notes that Rule 703 permits Mr. Schaible to base his opinion on facts or data that would otherwise be inadmissible, provided they are of the type reasonably relied upon by experts in that field.[41] However, the inadmissible facts and data on which the opinion is based may only be disclosed to the jury "if their probative value in helping the jury evaluate the

---

[37] *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).

[38] *Id.*

[39] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

[40] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. Unit A Sept. 1981) (internal citations omitted).

[41] Fed. R. Evid. 703.

9

opinion substantially outweighs their prejudicial effect."[42] Mr. Schaible's report makes the following "findings":

1. Construction is a hazardous industry involving safety-sensitive occupations.
2. Welding is a hazardous occupation involving safety-sensitive duties.
3. A worker's dependence on the use of controlled substances increases the risk of occupational incidents and injuries.
4. Turner's denial of employment to Huffman was reasonable and consistent with independent medical determinations, Turner's [policy], and Turner's obligations under OSHA to provide a safe workplace.[43]

Mr. Schaible includes in his report a "Background and Description of the Incident" section, which discusses Dr. Thomas's report on July 3, 2012, stating that "I can not safely clear him for work and take pain medications 4 times a day. He is not willing to reduce the amount of pain medication prescribed. He has left the office upset and obviously frustrated. He reports 'I will just forget the job.'"[44]

Plaintiff argues that Mr. Schaible's report introduced an inapplicable legal standard that is irrelevant to Turner's burden of proof.[45] However, Plaintiff erroneously assumes that Turner must assert a "direct threat" defense, which is analyzed under an objective standard.[46] However, in this Court's prior order denying Turner's motion for summary judgment, the Court determined that four factors outlined in *Atkins v. Salazar*,[47] were applicable to defend Turner's qualification standard on the basis of the business necessity defense.[48] Specifically, under *Atkins*, a defendant must prove by

---

[42] *Id.*

[43] Rec. Doc. 47-1 at p. 8.

[44] *Id.* at p. 4.

[45] Rec. Doc. 38-1 at p. 6.

[46] *Id.* at p. 7.

[47] 677 F.3d 667 (5th Cir. 2011).

[48] *See* Rec. Doc. 122 at p. 27.

10

a preponderance of the evidence that such standards are "(1) uniformly applied; (2) job-related for the position in question; (3) consistent with business necessity; and (4) cannot be met by a person with plaintiff's disability even with a reasonable accommodation."[49] Therefore, Mr. Schaible's expert report, which claims that the policy at issue was a business necessity, because it is a safety related standard that was uniformly applied to employees and consistent with Turner's obligations to maintain a safe workplace, is relevant to this defense.[50]

Additionally, Plaintiff has argued that Mr. Schaible's testimony should be excluded pursuant to Federal Rule of Evidence 403, because he plans to testify relative to an inapplicable legal standard, which will confuse and mislead the jury.[51] While the Court has already determined that Mr. Schaible's expert report reflects relevant opinion evidence, under Rule 403 "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger . . . of unfair prejudice, confusing the issues, [or] misleading the jury."  As Mr. Schaible's testimony directly related to one of Turner's defenses, the Court finds that its probative value outweighs its potential prejudice, if any.

However, admission of Mr. Schaible's expert opinion does not require the Court to admit otherwise inadmissible facts and data relied upon in forming his opinion.  Here, Plaintiff claims that Mr. Schaible's quotation from Dr. Thomas's report, relating to Plaintiff's request for a medical release for a non-welding job with another company, is prejudicial and not the type of facts and data reasonably relied upon by experts in Mr. Schaible's field.  This Court has previously determined that Plaintiff's medical and pharmacy records should be excluded because they are irrelevant and their

---

[49] *Atkins*, 677 F.3d at 681-82.

[50] Rec. Doc. 47 at p. 6; Rec. Doc. 47-1 at p. 4 (Mr. Schaible's expert report).

[51] Rec. Doc. 38-1 at p. 8.

11

probative value is substantially outweighed by the potential prejudice to Plaintiff.[52] Additionally, Mr. Schaible's quotation of Dr. Thomas's report does not have any "probative value in helping the jury evaluate the opinion," where he is opining on the consistency of Turner's policy and its obligation to maintain a safe workplace. Therefore, Mr. Schaible's reliance on facts and data obtained through Plaintiff's medical records may not be disclosed to the jury while testifying as to his opinions regarding Turner's policy.

### V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike and/or Motion *In Limine* to Exclude the Defendant's Expert Witness Ronald D. Schaible[53] is **DENIED IN PART** and **GRANTED IN PART**;

**IT IS FURTHER ORDERED** that the reference to the July 3, 2012 report of Dr. Thomas be stricken from the expert report, and Ronald D. Schaible precluded from disclosing same to the jury;

**IT IS FURTHER ORDERED** that Ronald D. Schaible may testify to the remainder of his opinions provided in his expert report.

**NEW ORLEANS, LOUISIANA**, this 23rd day of May, 2013.

                                                    **NANNETTE JOLIVETTE BROWN**
                                                    **UNITED STATES DISTRICT JUDGE**

---

[52] *See* Order & Reasons, Rec. Doc. 128.

[53] Rec. Doc. 38.